IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID LAWRENCE FEDERER
as Executor of The Estate of Christina
Audrey Federer,

    Plaintiff,

      v.

ZURICH AMERICAN INSURANCE
COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-4204-TWT

**OPINION AND ORDER**

This is an action to recover on a bond. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 19], the Plaintiff's Motion for Partial Summary Judgment [Doc. 23], and the Plaintiff's Motion for Oral Argument [Doc. 35]. For the reasons stated below, the Defendants' Motion for Summary Judgment is GRANTED, the Plaintiff's Motion for Partial Summary Judgment is DENIED, and the Plaintiff's Motion for Oral Argument is DENIED.

**I. Background**

In 2012, Christina Federer filed a lawsuit in this Court against HSBC Bank USA, N.A., The Bank of New York Mellon Corporation, Wells Fargo Bank, N.A.,

Brightstone Mortgage, Inc., and Orchid Island TRS, LLC.[1] That lawsuit alleged improprieties in the issuance of Ms. Federer's home loan, specifically gender discrimination.[2] Many of the defendants in that lawsuit filed motions to dismiss, and this Court granted those motions, finding that the claims were barred by the statute of limitations.[3] This Court then issued show cause orders directing Ms. Federer to show why her case should not be dismissed in its entirety.[4] Ms. Federer did not respond, so this Court dismissed the case in its entirety and entered judgment against her.[5]

Less than six weeks after this Court dismissed Ms. Federer's lawsuit, she filed a second lawsuit in the Superior Court of Gwinnett County, Georgia, against the same parties as the first lawsuit, plus two additional defendants, Citigroup Global Markets, Inc. and American Mortgage Express Corp. ("AMEC").[6] This second lawsuit again alleged improprieties in the issuance of Ms. Federer's home loan, specifically fraud.[7]

---

[1]  Defs.' Statement of Facts ¶ 1.

[2]  Id. ¶ 2; Order, Federer v. Midland Mortg. Co., No. 1:12-cv-2492-TWT (N.D. Ga. Nov. 21, 2012), ECF No. 33.

[3]  Defs.' Statement of Facts ¶¶ 5-6.

[4]  Id. ¶ 7.

[5]  Id. ¶¶ 8-9.

[6]  Id. ¶ 10.

[7]  Id., Ex. F.

All of the defendants in the second lawsuit, with the exception of AMEC, filed motions to dismiss, arguing in part that the claims were barred by res judicata.[8] The Superior Court of Gwinnett County granted all of the motions to dismiss, finding that the claims were barred.[9] That court also granted a motion for default judgment as to AMEC because AMEC did not respond to the complaint.[10] After an evidentiary hearing, that court also awarded Ms. Federer $332,000 against AMEC based on the default judgment.[11]

In 2005, as a requirement of becoming a licensed mortgage lender in Georgia, AMEC obtained a surety bond in the amount of $150,000 from Fidelity & Deposit Company of Maryland ("F&D"), one of the Defendants in this action.[12] Zurich American Mortgage Company, the other Defendant here, is the parent company to F&D; Zurich did not issue the bond, but sometimes handles claims asserted against bonds issued by F&D.[13] The bond remained active until it was cancelled on March 18,

---

[8]    Id. ¶ 13.

[9]    Id.

[10]   Pl.'s Statement of Facts ¶¶ 6-7.

[11]   Id. ¶ 8.

[12]   Id. ¶ 1.

[13]   Defs.' Statement of Facts ¶¶ 18-19.

2008, after AMEC ceased operating.[14] On February 16, 2015, Ms. Federer's counsel sent a letter to the Defendants seeking payment under the Bond based on the default judgment against AMEC.[15] Zurich and F&D refused payment under the bond.[16] Ms. Federer passed away, and on November 6, 2015, the executor of her estate, David Federer, filed a lawsuit against Zurich and F&D in the Superior Court of Gwinnett County.[17] The Defendants removed the case to this Court.[18] The Plaintiff and the Defendants now move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[19] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[20] The party seeking summary judgment must first identify grounds to

---

[14] Id. ¶ 16.

[15] Pl.'s Statement of Facts ¶ 9.

[16] Id. ¶ 13.

[17] Id. ¶¶ 11-13.

[18] Id. ¶ 14.

[19] FED. R. CIV. P. 56(a).

[20] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

show the absence of a genuine issue of material fact.[21] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[22] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[23]

### III. Discussion

The parties both move for summary judgment on the Plaintiff's claim that it is entitled to recover the amount of the bond. Resolving the claim on the bond depends on whether the default judgment against AMEC is conclusively binding on the Defendants here. In Georgia, a judgment in favor of a creditor against a debtor is prima facie evidence of guarantor liability.[24] Then, however, the burden shifts to the guarantor to rebut the correctness of the judgment.[25] The Plaintiff argues that Escambia does not apply here because this case deals with a surety bond, not a contract of guaranty. Not so. The court in Escambia specifically noted that whether

---

[21]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[22]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[23]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[24]   Escambia Chem. Corp. v. Rocker, 124 Ga. App. 434, 440 (1971).

[25]   Id.

the contract is one of guaranty or suretyship does not matter with respect to the effect of a judgment.[26]

The Plaintiff further argues that because it was not required to give the Defendants notice of the lawsuit against AMEC, the default judgment is binding on the Defendants here. Again, this argument is contradicted by the case law. The Georgia Court of Appeals has held that the rule from Escambia applies regardless of whether the guarantor had notice of the original lawsuit.[27] Because the rule does not change if the guarantor had notice of the lawsuit, it is immaterial whether the Plaintiff was required to give notice here. This Court therefore finds that the default judgment against AMEC is prima facie evidence of liability here, but the Defendants are allowed to present evidence rebutting liability.

The Defendants present several arguments as to why they should not be bound by the default judgment against AMEC. First they argue that the lawsuit against AMEC was barred by res judicata. "The doctrine of res judicata . . . prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated

---

[26] Id. at 436.

[27] Noorani v. Sugarloaf Mills Ltd. P'ship of Ga., 308 Ga. App. 800, 807 (2011).

action."[28] For an action to be barred based on res judicata, the first action must have involved an adjudication by a court of competent jurisdiction, the two actions must have identity of the parties and subject matter, and the party against whom the doctrine of res judicata is asserted must have had a full and fair opportunity to litigate the issues in the first action.[29] The doctrine applies even if a new defendant is added or some new facts have been alleged.[30]

Here, Federer's first lawsuit was filed in this Court, and there is no dispute that this Court had jurisdiction. The first requirement is therefore met. As to identity of the parties, the parties are all identical, with the exception of two new defendants, Citigroup and AMEC. As discussed, however, the addition of new defendants does not defeat the identity requirement. The subject matter is also the same – the causes of action in the first lawsuit and the second lawsuit both arise out of the same scenario, namely alleged improprieties associated with the origination of Ms. Federer's mortgage loan. Finally, there is no question that Ms. Federer had a full and fair opportunity to litigate the issues in the first action. A review of the docket in her first lawsuit, which was before this Court, indicates that she filed a complaint, amended

---

[28]   Yates Paving & Grading Co., Inc. v. Bryan Co., 287 Ga. App. 802, 805 (2007).

[29]   Fowler v. Vineyard, 261 Ga. 454, 455-56 (1991).

[30]   Neely v. City of Riverdale, 298 Ga. App. 884, 887 (2009).

that complaint, and engaged in motion practice before this Court dismissed the case.[31] The requirements of res judicata have been met as to AMEC. In fact, the Superior Court of Gwinnett County, Georgia, when assessing the claims against Brightstone and Citigroup, found that all of those claims were barred by res judicata.[32] The claims asserted against AMEC were also asserted against either Brightstone or Citigroup.[33] By extension, therefore, the claims against AMEC were barred by res judicata as well. The Court does not need to address the Defendants' additional arguments as to why the default judgment is not binding given that it finds that the second lawsuit was barred by res judicata. Because the Defendants here have presented evidence rebutting liability under the default judgment, the default judgment is not binding upon them. The Defendants' motion for summary judgment should therefore be granted and the Plaintiff's motion for partial summary judgment should be denied. This Court was able to decide the issues on the papers alone, and therefore the Plaintiff's motion for oral argument should also be denied.

---

[31] Federer v. Midland Mortg. Co., No. 1:12-cv-2492-TWT (N.D. Ga. July 29, 2013).

[32] Defs.' Statement of Facts, Ex. F, pp. 8-10; Ex. G, pp. 2-5.

[33] Id. at Ex. E.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion for Summary Judgment [Doc. 19] is GRANTED, the Plaintiff's Motion for Partial Summary Judgment [Doc. 23] is DENIED, and the Plaintiff's Motion for Oral Argument [Doc. 35] is DENIED.

SO ORDERED, this 26 day of August, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge